# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

THOMAS DANIEL EUGENE HALE, )
          *Plaintiff*, )
v. )
STATE OF TENNESSEE, *et al.*, )
          *Defendants*. )

Case No. 1:16-CV-422

Judge Travis R. McDonough

Magistrate Judge Susan K. Lee

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se state prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] that was transferred to this Court from the United States District Court for the Northern District of Mississippi [Doc. 7]. Section 1915(g) of the Prison Litigation Reform Act of 1996 (PLRA) provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim. *See, e.g.*, *Hale v. Long*, No. 1:16-CV-1109 (W.D. Tenn. June 26, 2007) (dismissed for failure to state a claim); *Hale v. Long*, No. 1:95-CV-111 (M.D. Tenn. May 2, 1996) (dismissed as frivolous); *Hale v. Williams*, No. 1:94-CV-145 (M.D. Tenn. Sept. 20, 1994) (dismissed as frivolous); *Hale v. Rhea*, No. 3:94-CV-812 (M.D. Tenn. Sept. 19, 1994) (dismissed as frivolous); *Hale v. Boyd*, No. 1:94-CV-141 (M.D. Tenn. Sept. 14, 1994)

(dismissed as frivolous); *see also Hale v. Cook*, No. 1:16-CV-106 (E.D. Tenn. May 2, 2016) (listed Plaintiff's § 1915(g) cases, denied Plaintiff *in forma pauperis* status, and directed Plaintiff to pay the full filing fee); *Hale v. Tenn.*, No. 1:16-CV-474 (E.D. Tenn. March 14, 2017) (same); *Hale v. Steele*, No. 3:12-CV-476 (M.D. Tenn. May 18, 2012) (same); *Hale v. NWCX*, No. 1:11-CV-1083 (W.D. Tenn. Dec. 28, 2011) (same).

Plaintiff's complaint does not contain full sentences and is therefore mostly nonsensical, but appears to allege, *inter alia*, that Plaintiff does not want full hormone treatment anymore and should have responses to complaints regarding bribery and a jailhouse lawyer [Doc. 1 p. 7–8]. Even liberally construing the complaint in favor of Plaintiff, it does not allege that he is any imminent danger of physical injury. Under § 1915(g), therefore, in order to file this action, Plaintiff must prepay the entire $400.00 filing fee.

Accordingly, this action is **DISMISSED without prejudice** to Plaintiff paying the full filing fee of $400.00. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Thus, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

The Clerk is **DIRECTED** to close the file.

**SO ORDERED.**

**ENTER**:

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**